United States District Court
Southern District of Texas
**ENTERED**
May 26, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| CINDY VALDEZ, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 7:17-CV-00148 |
| § | |
| DOLGENCORP OF TEXAS, INC.; dba § | |
| DOLLAR GENERAL, § | |
| § | |
| Defendants. § | |

# ORDER

The Court now considers Dogencorp of Texas, Inc., d/b/a Dollar General's ("Defendant") motion to compel arbitration and to dismiss or stay the action.[1] Cindy Valdez ("Plaintiff") never responded, and is thus unopposed to the motion. After duly considering the record and relevant authorities, the Court **GRANTS** the motion, and **STAYS** the case for a period of six months pending arbitration.

## I. BACKGROUND

This case arises from Plaintiff's employment with Defendant, and Defendant's alleged unlawful treatment of Plaintiff. Plaintiff filed suit in state court, alleging unlawful discrimination and retaliation under §§ 21.051 (discrimination) and 21.055 (retaliation) of the Texas Commission on Human Rights Act.[2] Plaintiff also alleged common law claims of libel, slander, defamation, and business disparagement.[3] Defendant removed the case on the basis of diversity[4]

---

[1] Dkt. No. 5.
[2] *Id*. ¶¶ 6.1–7.3.
[3] *Id*. ¶¶ 7.4–7.6.
[4] Dkt. No. 1.

...

and subsequently filed the instant motion to compel arbitration,[5] to which Plaintiff never responded. The Court now turns to the motion.

## II. DISCUSSION

The Federal Arbitration Act ("FAA") creates "a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act."[6] In particular, § 2 of the FAA establishes the presumptive validity of arbitration agreements,[7] § 4 empowers federal courts to compel arbitration in cases where the parties have a written arbitration agreement yet one of the parties files suit in court,[8] and § 3 empowers federal courts to stay a case that is referable to arbitration.[9] When deciding whether to compel arbitration, courts conduct a two-step inquiry.[10] The *first* step is to determine "whether the parties agreed to arbitrate their dispute . . . ."[11] *Second*, "the court must consider whether any federal statute or policy renders the claims nonarbitrable."[12]

### A. *Whether the parties agreed to arbitrate the dispute*

Two considerations determine whether the parties agreed to arbitrate: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement."[13] The first consideration works in favor of arbitration here. Arbitration agreements are prima facie valid, placing an affirmative burden upon the opposing party to rebut the presumption of validity: "[A] written arbitration agreement is

---

[5] Dkt. No. 5.
[6] *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983).
[7] 9 U.S.C.A. § 2 (West).
[8] *Id*. § 4.
[9] *Id*. § 3.
[10] *Will-Drill Resources, Inc. v. Samson Resources Co.*, 352 F.3d 211, 214 (5th Cir.2003).
[11] *Killen v. Susman Godfrey L.L.P.*, CIV.A. H-07-1763, 2007 WL 2480234, at *1 (S.D. Tex. Aug. 30, 2007) (citing *Will-Drill Resources, Inc.*, 352 F.3d at 214.).
[12] *Id.*
[13] *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir.1996) (internal citations omitted).

prima facie valid and must be enforced unless the opposing party . . . allege[s] and prove[s] . . . such grounds as exist at law or in equity for the revocation of the contract."[14] Plaintiff signed an arbitration agreement with Defendant[15] and has not opposed the present motion, thus failing to rebut the presumption of the arbitration agreement's validity. Consequently, a valid arbitration agreement exists between the parties.

The second consideration—whether the dispute in question falls within the scope of the arbitration agreement—also works in favor of arbitration. The scope of the arbitration agreement is spelled out thus: "You agree that . . . any legal claims or disputes that you may have against [Defendant] . . . arising out of your employment with [Defendant] or termination of employment with [Defendant] . . . will be addressed in the manner described in this [arbitration] agreement."[16] Here, all of Plaintiff's factual allegations and legal claims against Defendant arise from Plaintiff's employment and termination of employment with Defendant. Thus, the claims brought before this Court fall squarely within the arbitration agreement. In sum, the parties have a valid agreement to arbitrate Plaintiff's claims.

        B.    *Whether any federal statute or policy renders the claims nonarbitrable*

The parties have not discussed, and the Court cannot find, any federal statute or policy that renders Plaintiff's claims nonarbitrable. Thus, the Court's two-step inquiry dictates that the present case should go to arbitration.

### III. HOLDING

Defendant's motion to compel arbitration is **GRANTED**. The parties are **ORDERED** to proceed to arbitration according to the terms of their arbitration agreement, and the present case

---

[14] *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327, 341 (5th Cir. 2004) (alteration in original); 9 U.S.C. § 2.
[15] Dkt. No. 5-1.
[16] *Id.* p. 6.

4 / 4

is **STAYED** for a six-month period pending arbitration. The parties are further **ORDERED** to submit an arbitration status report to the Court no later than **November 27, 2017**.

    IT IS SO ORDERED.

    DONE at McAllen, Texas, this 26th day of May, 2017.

                                                      _____
                                                    Micaela Alvarez
                                                    United States District Judge